UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEDRIA LONG,

        Plaintiff,

v.

ANNAE SANDERS, ET.AL.,

        Defendants.

                             /

No. 09-11021

District Judge Arthur J. Tarnow

Magistrate Judge R. Steven Whalen

# REPORT AND RECOMMENDATION

Before the Court is *Defendants Sanders, Stovall-Hill and Muzzin's Motion for Summary Judgment Based on the Absence of a Genuine Issue, Qualified Immunity and Sovereign Immunity* [Docket 40], filed October 19, 2009, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED IN PART AND DENIED IN PART, as follows:

(1) That the motion be GRANTED as to the Fourteenth Amendment Equal Protection claims against Defendants Sanders, Stovall-Hill, and Muzzin.

(2) That the motion be GRANTED as to claims against same Defendants in their official capacities.

(3) That the motion be DENIED as to Eighth Amendment claims against Defendant Muzzin but GRANTED as to Sander and Stovall-Hill.

(4) That Defendant Muzzin is not entitled to qualified immunity.

# I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff, a Michigan Department of Corrections ("MDOC") inmate currently housed at the Huron Valley Correctional Facility in Ypsilanti, Michigan, filed a civil rights claim pursuant to 42 U.S.C. §1983 on March 13, 2009, alleging violations of her Eighth Amendment and Fourteenth Amendment Equal Protection rights.

Proceeding *pro se,* Plaintiff, then housed at the Robert Scott Correctional Facility in Plymouth, Michigan, alleges that during the course of a November 21, 2007 fire drill, another prisoner, Larkita Collier, approached her from behind, grabbing her breasts. *Complaint* pg. 3 of 50. Plaintiff alleges that upon warning Collier to leave her alone, Collier slashed her face with a razor, then punched her several times, stating "[b]itch I told you to give up the pussy or get fucked up." *Id.* Plaintiff states upon being "beaten down to the ground," Collier then "kicked and stomped" her "as staff stood by and watched" *Id.* Plaintiff states that Defendant Muzzin, an MDOC Sergeant, and Defendant Allen, a corrections officer, were present, but did not intervene, alleging that instead, "Muzzin stood by while I was yelling "'[h]elp - get her off me.'" *Id.* at 5 of 50. Plaintiff also notes that Defendant Summers, "an experienced sergeant," exhibited deliberate indifference by leaving the yard area as the attack was occurring. *Id.* at 6 of 50.

Plaintiff alleges that Resident Unit Manager ("RUM") Defendant Beasley, supervising

---

[1]The factual background is drawn in large part from this Court's February 22, 2010 Report and Recommendation recommending the denial of summary judgment to Defendants Beasley, Summers, Allen, and Hamilton regarding individual capacity claims. *Docket #45.*

the fire drill, refused to restrain Collier until a non-defendant corrections officer arrived on the scene. *Id.* at 5 of 50. Plaintiff states that she was assisted by a non-defendant assistant resident unit supervisor ("ARUS") and then transported to a nearby hospital for stitches. *Id.* Plaintiff contends that Defendant Hamilton, a corrections officer, should have been present in the yard at the time of the drill which mixed security IV and V level inmates, rather than inside the facility checking for prisoners. *Id.* at 7 of 50.

Plaintiff also faults Defendant Sanders, an assistant deputy warden ("ADW"), alleging that she "knew or should have known that a mass movement of prisoners of the highest security required additional supervision." *Id.* at 6 of 50. Plaintiff alleges that Defendant Stovall-Hill, the institution's warden, Deputy Warden Shumacher, and ADW Sanders did not conduct a "thorough investigation" of the incident and erred by allowing security level "V" prisoner to mingle with level "IV" prisoners at the fire drill. *Id.* at 7 of 50. Plaintiff faults these Defendants for allowing prisoners access to razor blades. *Id.* Plaintiff, suing all Defendants in their individual and official capacities, requests monetary damages as well as injunctive relief consisting of the "removal of disposable razors from the facility or better control of disposable razors." *Id.* at 3 of 50.

On March 29, 2010, the Honorable Arthur J. Tarnow, adopting the undersigned's recommendation, 1) dismissed Defendant Schumacher without prejudice pursuant to 42 U.S.C. § 1997e(a); 2) dismissed Fourteenth Amendment Equal Protection and official capacity claims against Defendants Hamilton, Allen, Summers, and Beasley; 3) denied summary judgment as to Eighth Amendment claims against Defendants Hamilton, Allen,

Summers, and Beasley; and 4) concluded that these Defendants were not entitled to qualified immunity on the Eighth Amendment claims. *Docket #47* at 1-2.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing

party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. ANALYSIS

**A. Eighth Amendment Claims Against Sanders, Stovall-Hill, and Muzzin**

**1. Basic Principles**

The Eighth Amendment proscribes the infliction of cruel and unusual punishment upon prisoners. In order for a prisoner to establish an Eighth Amendment violation under § 1983, she must allege and prove an unnecessary and wanton infliction of pain, or the infliction of pain totally without penological justification. *See Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 346 (1981). Eighth Amendment claims must satisfy a two-prong standard. First, the alleged wrongdoing must be "objectively harmful enough" to establish a constitutional claim (objective component). Second, the prison official must act with the requisite state of mind (subjective component). *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), citing *Wilson v. Seiter*, 501 U.S. 294, 298, 303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

The objective component is contextual and responsive to "contemporary standards of

decency." *Hudson*, 503 U.S. at 8 (citing *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The Supreme Court has clearly held that "when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated." *Id.* at 9. Therefore, a prisoner need not show a significant injury. *Id.*; *Moore v. Holbrook*, 2 F.3d 697, 701 (6th Cir. 1993) (citing *Hudson* to conclude that the extent of injuries does not provide a basis for dismissal).

In regard to the subjective component, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). In finding that negligence was insufficient to establish a constitutional claim, the *Farmer* Court held that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

**2. Muzzin**

Defendant Muzzin contends that her failure to intervene on Plaintiff's behalf during the attack does not amount to deliberate indifference. *Defendants' Brief* at 7-8. Citing *Winfield v. Bass,* 106 F.3d 525, 532 (8th Cir. 1997), Defendant argues that she was not obliged "'to risk serious bodily harm'" by engaging "'an armed and violent assailant during the short period before assistance arrived.'" Defendant states that in response to the altercation, she "immediately called for assistance on the radio in order to ensure the safety of myself, staff and other prisoners," and that Defendant Summers approached "within

seconds." *Affidavit of Keara Muzzin, Docket #40* at ¶4. Muzzin states that she then "determined that it was safe for [her] to respond and break . . . up the altercation without endangering [her]self, other staff, and prisoners." *Id.* at ¶5.

In response, Plaintiff points out that Defendant Muzzin not only refrained from intervening physically during the attack, but failed to even verbally order Collier to stop. *Plaintiff's Response* at 19 of 50; *Complaint* at 5 of 50. Affidavits by prisoners witnessing the attack support Plaintiff's account. *See Affidavit of Goldie Dorothy Scripter* at ¶4, *Docket #44* at 32 of 50 ("Sgt. Muzzin . . . . just stood idly by throughout the attack not even trying to say or do anything . . ."); *Affidavit of Sherry R. Savage* at ¶5, *Id.* pg. 34 of 50 ("Sgt. Muzzin and C/O Hamilton just stood there on the yard and watched the vicious attack, neither even so much as ordered Collier to stop her attack on Long").

In regard to Plaintiff's "failure to protect" claim, I previously recommended the denial of Defendants Hamilton, Allen, Summers, and Beasley's motion for summary judgment on the Eighth Amendment claims, reasoning as follows:

> "[A]lthough Defendants . . . argue that they were not required to take 'heroic' measures against an armed prisoner in the absence of backup staff, I disagree that claims that they impermissibly delayed in intervening are dismissible as a matter of law. Defendants assert that 'there is no authority for the proposition that an unarmed prison official exhibits deliberate indifference to an inmate's reasonable need for safety or act unreasonably when she fails to intervene immediately in an attack by one prisoner armed with a dangerous weapon on another.' [*Docket #21* at 11]. However, they make no showing that while the attack was occurring, they were aware that Collier was armed. Notably, they do not dispute that the razor blade in question was small enough to have been carried into the yard without staff detection. Plaintiff's treatment records also support the conclusion that the fact a weapon was used was not immediately obvious to either Plaintiff or current Defendants. *Docket #21,*

> Exhibit M. Further, although Defendants contend that they had no duty to intervene physically on Plaintiff's behalf before backup arrived, they have submitted no evidence to show that they attempted to end the assault on Plaintiff in any other manner, *i.e.,* issuing a verbal command or convincing Collier otherwise to end the assault."

*Docket #45* at 10-11. Such reasoning applies here and if anything, Muzzin's argument for summary judgment is weaker, as evidenced by (1) statements by prisoners Scripter and Savage that Muzzin did not order Collier to cease the attack, and (2) Muzzin's own failure to explain her reasons for not issuing a verbal directive. *Affidavit of Keara Muzzin, Docket #40.* The allegations and affidavits accompanying Plaintiff's response to the present motion, at the very least, create a question of fact as to whether Muzzin was deliberately indifferent to Plaintiff's safety.

Defendant, citing *Stewart v. Love,* 696 F.2d 43 (6th Cir. 1982) also contends that the fact that the attack was isolated undermines the Eighth Amendment allegations. *Defendant's Brief* at 8. However, although Plaintiff was attacked only once, this by itself is insufficient to defeat the constitutional claims. "[T]he mere failure to protect an inmate on a [s]ingle occasion can constitute a deprivation of constitutional rights giving rise to a claim under §1983." *Redmond v. Baxley,* 475 F.Supp. 1111, 1117 (D.C.Mich. 1979)(*citing Estelle,* 429 U.S. 97, 97 S.Ct. 285).

Therefore, Defendant Muzzin is not entitled to summary judgment.

**3. Sanders and Stovall-Hill**

In contrast, because Plaintiff has not shown personal involvement by either ADW

Sanders or Warden Stovall-Hill, claims against them are dismissible as a matter of law. Under *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), § 1983 liability cannot generally be imposed on a theory of *respondeat superior*. Where there is an allegation of supervisory, or *respondeat superior* liability, it must be shown that the supervisory officials "actively participated in or authorized" the illegal activity. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). A defendant's personal involvement in unconstitutional activity is an essential element of a §1983 claim. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). In addition, merely denying or responding to an administrative grievance is insufficient to support §1983 liability. *Shehee*, 199 F.3d at 300.

Plaintiff attempts to implicate Sanders by alleging that she "knew or should have known that a mass movement of prisoners of the highest security required additional supervision." *Complaint* at 6 of 50. However, Sanders' alleged negligence is insufficient to support the Eighth Amendment claim. *Farmer, supra,* 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff also assigns blame to Defendant Stovall-Hill for permitting security level "V" prisoner to mingle with level "IV" prisoners at the fire drill and allowing prisoners access to razor blades. *Complaint* at 7 of 50. However, Plaintiff presents no evidence that in allowing level "IV" and "V" level inmates to mingle briefly during the course of a fire drill (as discussed below) or allowing prisoner to possess razor blades, she perceived and then ignored the risk that Plaintiff would be attacked during the fire drill. Although Plaintiff has

submitted affidavits by several prisoners stating that the ARUM, ARUS, and other staff members were forewarned that Collier planned an attack, none of these statements implicates either Sanders or Stovall-Hill.

Plaintiff also contends that Sanders and Stovall-Hill were non-compliant with MDOC Policy Directive 03.03.130 which states that "'[f]acility staff shall identify prisoners who are assaultive or predatory. Such prisoners shall be placed at the level of security necessary to control such behavior.'" However, the "failure to comply with a state regulation is not itself a constitutional violation." *Barber v. City of Salem, Ohio* 953 F.2d 232, 240 (6th Cir. 1992). Absent any showing that these Defendants were personally aware that Plaintiff was at risk of being attacked, Eighth Amendment claims against them should be dismissed. For the same reasons, Plaintiff's claim that the followup investigation by Sanders and Stovall-Hill was non-compliant with the Policy Directive also fails to state a claim of constitutional magnitude. Notably, Plaintiff, since transferred to a different facility, does not allege a repeated attack by Collier or any other inmate since the November 21, 2007 incident.

### B. Equal Protection Claims

Plaintiff's claims against all three present Defendants under the Equal Protection Clause of the Fourteenth Amendment are subject to dismissal. In order to survive summary judgment, a claimant must present evidence that he/she was "denied equal protection of the law based upon an unjustifiable standard such as race, religion, or other arbitrary

classification." *Bass v. Robinson,* 167 F.3d 1041, 1050 (6th Cir. 1999). Further, "a person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Bass,* at 1050. Prison inmates do not constitute a suspect class for equal protection purposes. *Hampton v. Hobbs,* 106 F.3d 1281, 1286 (6th Cir.1997). Because Plaintiff has not alleged that Defendants' failure to protect her was motivated by suspect class membership, the equal protection claims should be dismissed.

**D. Immunity**

**1. Eleventh Amendment Immunity**

Defendants contend first that claims against them in their official capacities are barred by Eleventh Amendment immunity. *Defendants' Brief* at 9-10. Generally, claims against defendants in their *official* capacities, *i.e*, in their capacity as agents of the state under 42 U.S.C. §1983, are generally subject to dismissal on the basis of the immunity granted by the Eleventh Amendment. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). As such, claims for monetary damages against Defendants in their official capacities is unavailable. However, "[Eleventh Amendment] immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law." *Ernst v. Rising,* 427 F.3d 351, 358 -359 (6th Cir. 2005); *Ex parte Young,* 209 U.S. 123, 155-56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908). As such, Plaintiff's requests for injunctive relief are not barred by Eleventh Amendment

Immunity.

Nonetheless, Plaintiff's official capacity claims, in other words, claims for injunctive relief against Defendants Muzzin, Sanders, and Stovall-Hill are dismissible. My earlier recommendation to dismiss official capacity claims against Defendants Hamilton, Allen, Summers and Beasley are applicable to present Defendants:

> "Plaintiff's requests 'removal of disposable razors from the facility or better control of disposable razors (shaving tools) in the facility.' *Complaint* at pg. 3 of 50. I recommend denial of the injunctive request. First, despite Plaintiff's horrific experience, she has made no specific showing that such an institution wide policy change is required to stave off further attacks. The law is clear that injunctive relief should not issue where the claimed future damage is speculative or may never occur. *Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir. 2003). In addition, Plaintiff's request is mooted by her subsequent transfer to a different facility. *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996). ¶Second, whether to ban or otherwise limited access to all razors is a decision best left to the MDOC. 'Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators.' *See also Fuller v. Burnett*, 2008 WL 793744, *8 (W.D.Mich. 2008), citing *Kendrick v. Bland,* 740 F.2d 432 at 438, n. 3, (6th Cir.1984)('[W]here a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting'). Because courts are 'ill-equipped' to unilaterally micro-manage prison administration, the injunctive requests should be denied. *Bruce v. Ylst,* 351 F.3d 1283, 1290 (9th Cir.2003)."

*Docket #45* at 12-13. Consistent with this reasoning, adopted by the District Court in dismissing the official capacity claims against Hamilton, Allen, Summers and Beasley, official capacity claims against present Defendants should be dismissed.

**2. Qualified Immunity**

Because Plaintiff cannot show that either Sanders or Stovall-Hill violated her constitutional rights, they are also entitled to qualified immunity in their individual capacities as a matter of law. As to Muzzin, because a question of fact remains as to the Eighth Amendment claims the Court must consider whether she is nonetheless entitled to qualified immunity.

There are generally two inquiries in a qualified immunity analysis: (1) did the defendant violate a constitutional right, and (2) was the right clearly established to the extent that a reasonable person in the defendant's position would know that the conduct complained of was unlawful. *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). More recently the Supreme Court reconsidered the sequential inquiry set forth in *Saucier,* concluding that "while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory." *Pearson v. Callahan,* --- U.S. ----, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

As discussed above, a question of fact remains as to whether Muzzin violated Plaintiff's Eighth Amendment rights. Further, the right to be protected from harm by other inmates is clearly established. *Farmer, supra,* 511 U.S. at 834, 114 S.Ct. at 1977. Given the facts before this Court, Defendant is not protected by qualified immunity.

## IV. CONCLUSION

For these reasons, I recommend that Defendants' Motion for Dismissal and/or

Summary Judgment [Docket #44] be GRANTED IN PART AND DENIED IN PART, as follows:

> (1) That the motion be GRANTED as to the Fourteenth Amendment Equal Protection claims against Defendants Sanders, Stovall-Hill, and Muzzin.
>
> (2) That the motion be GRANTED as to claims against same Defendants in their official capacities.
>
> (3) That the motion be DENIED as to Eighth Amendment claims against Defendant Muzzin but GRANTED as to Sander and Stovall-Hill.
>
> (4) That Defendant Muzzin is not entitled to qualified immunity.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed

objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated:  June 17, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 17, 2010.

s/Susan Jefferson  
Case Manager